# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GLENN E. CONROY, JR.,
      Plaintiff,

v.                                                 Case No. 21-C-1325

ASC—ALLSAINTS HOSPITAL, et al.,
      Defendants.

## SCREENING ORDER

Plaintiff Glenn E. Conroy, Jr., an inmate confined at the Racine County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants failed to provide him medical treatment. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Under the PLRA, the initial partial filing fee is twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in his prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 15, 2021, I ordered the plaintiff to file by January 15, 2022, a certified copy of his institutional trust account statement for the six months before he filed this

lawsuit. ECF No. 4. I warned the plaintiff that if he failed to comply with the order, I may dismiss this case for failure to prosecute. *Id.* at 2. The January 15, 2022 deadline has passed, and the plaintiff has not complied with the previous order. But the plaintiff filed a copy of his trust account statement in his other case pending before me, 20-C-1261, ECF No. 3. A review of that information reveals that the plaintiff has a negative balance of over $1300 and a single credit to his account of $31.49. He states in his motion to proceed without prepaying the filing fee that he "owe[s] obligations" of $1500 to the Racine County Jail and between $700 and $800 to the Department of Corrections. ECF No. 2 at 4.

I have the authority to waive a plaintiff's initial partial filing fee under 28 U.S.C. § 1915(b)(4) if he lacks both the "assets" and the "means" to pay it. The Court of Appeals for the Seventh Circuit has explained that "[i]t is not enough that the prisoner lack assets on the date he files." *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled in part on other grounds by Walker v. O'Brien*, 216 F.3d 626, 628–29 (7th Cir. 2000), *and Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir. 2000). If that were the case, prisoners could easily avoid paying the initial partial filing fee by spending what is in his trust account before filing his lawsuit. Therefore, a prisoner's "means" is construed broadly. A prisoner may lack "assets" but still have "means" to pay the fee.

The plaintiff's motion to proceed without prepaying the filing fee and his trust account statement show he has no assets and no means to pay an initial partial filing fee. I therefore will not require him to pay one. I will waive the plaintiff's obligation to pay an initial partial filing fee and grant his motion to proceed without prepaying the filing fee. That does not mean the plaintiff is exempt from paying the full $350 filing fee. He must pay the filing fee over time in the manner explained at the end of this order.

# II. SCREENING THE COMPLAINT

## A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–*

*Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The plaintiff alleges that he has repeatedly complained to staff at the Jail about pain in his "upper right quadrant," which worsens when he eats or takes his medication. ECF No. 1 at 2. He says he also has been defecating blood, which leads him to believe his liver is "malfun[c]tioning." *Id.* He alleges that Nurses Latisha, Denise, Megan and Allizabeth told him that the Jail's medical unit "does not plan to do nothing [sic] about the pain." *Id.* (capitalization omitted).

The plaintiff says that he then, seemingly because the Jail would not treat his pain, "inserted [a] for[ei]gn body into [his] urethra d[ue] to pain in right upper quadrant." *Id.* He was sent to the emergency department at Ascension All Saints Hospital, where he complained about pain in his penis from inserting the object into his urethra and about his continual upper body pain. He says he told two unknown, John/Jane Doe doctors that he believed there was something wrong with his liver caused by improperly prescribed medication at the Jail. The doctors took scans of the plaintiff but told him that he had been admitted to the Hospital only to treat the pain in his penis. They allegedly told him that "even if there is something wrong with any of [his] organs," the Hospital would not treat those issues. *Id.* at 4. The plaintiff notes that he has been admitted to the same Hospital several times previously after inserting objects into his penis. He asserts that the Hospital refused to treat his upper body pain as retaliation for his history of self-mutilation.

4

The plaintiff seeks an injunction ordering that he receive immediate and proper medical treatment. He also seeks $5 million in damages from the Hospital and Jail for his pain, trauma, suffering, and medical costs.

**C. Analysis**

The plaintiff cannot proceed on a claim against the Hospital or its doctors. Under § 1983, a plaintiff may sue only *persons* who violate his rights while acting under color of state law. Ascension All Saints Hospital is a building, not a person that may be sued under § 1983. Moreover, the Hospital is an off-site, private hospital, not a state entity. Although there are circumstances in which a private hospital could be constitutionally liable for mistreatment of an inmate, the plaintiff does not suggest any such circumstances here. Lacking a connection between the Hospital and the State, the plaintiff may not proceed against the Hospital (or its doctors) on a claim under § 1983. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822–23 (7th Cir. 2009) (explaining that a purely private entity cannot be held liable for claims brought under § 1983).

Even if the doctors could be considered state actors, the plaintiff fails to state a claim against them. The plaintiff alleges that the doctors treated the pain in his penis but refused to treat his upper body pain as retaliation for his repeated self-mutilation of inserting objects into his penis. To state a claim of retaliation, the plaintiff must allege that "he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two." *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); and *Bridges*, 557 F.3d at 546). The plaintiff's self-harm is not a

5
Case 2:21-cv-01325-LA   Filed 01/24/22   Page 5 of 10   Document 6

protected activity, so his claim that the doctors refused to treat him because he repeatedly harmed himself fails as a matter of law.

The plaintiff also names two John/Jane Doe registered nurses in the caption of his complaint. But his complaint contains no allegations against those nurses. Section 1983 requires that a defendant be personally involved in an alleged deprivation to be liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Because the complaint alleges nothing about the John/Jane Doe Nurses' involvement, the plaintiff necessarily fails to state a claim against them.

The plaintiff also alleges that four nurses at the Jail informed him that the Jail's medical unit would not treat his upper body pain. The plaintiff does not specify whether he was at the Jail as a detainee awaiting trial or whether he had been convicted and sentenced for a crime. This distinction matters. If the plaintiff was a pretrial detainee, then his claim regarding his medical care arises under the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Under the Fourteenth Amendment, he would have to show only that the medical care provided was objectively unreasonable. *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). If the plaintiff had been convicted and sentenced at the time, then he would be protected under the Eighth Amendment from "conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The plaintiff would have to show both that he "suffered from an objectively serious medical condition" and that the nurses were subjectively, "deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722,

728 (7th Cir. 2016) (en banc) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

The plaintiff does not allege that the nurses personally provided unreasonable medical treatment or that they knew about but disregarded his pain. He instead alleges that they told him *the Jail's medical unit* would not treat his pain. These allegations suggest an administrator or manager of the medical unit (or of the Jail itself) determined that the Jail's medical staff would not treat the plaintiff's pain. If that is so, and if that decision was based on a reasoned medical decision, then the plaintiff would have, at most, a claim under tort law, not constitutional law. *See Johnson v. Frank*, No. 03-C-967, 2005 WL 2249872, at *10 (E.D. Wis. Sept. 15, 2005) (citing *Estelle*, 429 U.S. at 107). But the complaint, as alleged, does not provide enough information to determine whether an administrator or manager made such a decision, whether that decision was reasonable, or whether the plaintiff ever received medical attention for his upper body pain. If he has not, and Jail staff refused to examine the plaintiff or treat his pain for no reason, then he may have a valid claim against Jail or medical staff who made those decisions.

Because the complaint does not sufficiently describe the plaintiff's claims, I will provide the plaintiff an opportunity to amend his complaint and supply additional information about his treatment at the Jail. The plaintiff should also explain his status at the time as a prisoner or detainee, if he knows. When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal

language or citations to statutes or cases, but it does need to provide the court and each defendant notice of what each defendant allegedly did or did not do that violated his rights.

The court is enclosing a copy of its amended complaint form and instructions. The plaintiff must list all the defendants in the caption of his amended complaint. If he does not know the name of the person or persons who refused to provide him medical treatment, he may use a John or Jane Doe placeholder to identify them. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that the plaintiff may file an amended complaint that complies with the instructions in this order on or before **February 24, 2022**. If the plaintiff files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the full $350 balance of the filing fee **by collecting payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 24th day of January, 2022.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge